**WILMINGTON PROVISION CO., Inc., v. WALLACE, Secretary of Agriculture, et al.**

No. 5316.

Circuit Court of Appeals, Third Circuit.

Sept. 21, 1934.

Christopher L. Ward, Jr., William H. Bennethum, 3d, and Marvel, Morford, Ward & Logan, all of Wilmington, Del., for petitioner.

Wendell Berge, Sp. Asst. to Atty. Gen. (Harold M. Stephens, Asst. Atty. Gen., and Carl McFarland, Sp. Asst. to Atty. Gen., of counsel), for respondents.

Before WOOLLEY, DAVIS, and THOMPSON, Circuit Judges.

DAVIS, Circuit Judge.

This is a petition under section 204 of the Packers and Stockyards Act of 1921 (42 Stat. 159 [7 USCA § 194]) to set aside an order of the Secretary of Agriculture. The order directs the petitioner, the Wilmington Provision Company, a meat packing concern, to desist in an unfair and unjustly discriminatory practice in commerce which results in an undue and unreasonable preference or advantage to the Great Atlantic & Pacific Tea Company.

Casper J. Noell was employed by the Tea Company, which operates a chain of retail food stores, to purchase certain meat products. He made purchases from many packers, including the petitioner. Later Noell, with the consent of the Tea Company, held himself out as a broker to the general public and took orders for food products from any one who employed him. He maintained an office in a building of the Tea Company in the city of New York. Whenever he made a purchase either for the Tea Company or for an outside customer, he demanded the usual brokerage fee of one per cent.

for his services. This was customary in the packing trade except for certain large packers who maintain offices in all principal cities and were in consequence able to deal directly with the purchasers.

It appears that Noell paid his salary and the expenses of his office out of the brokerage fees and turned the balance over to the Tea Company.

The evidence clearly shows, and this the government admits, that in making purchases from the petitioner, the brokerage fee was added to the gross amount of the bill by the petitioner, and the Tea Company, in such case, paid the cost of the goods invoiced plus the brokerage fee to the petitioner, and the petitioner would then remit the commission directly to the broker. As usual, Noell deducted the expenses of the brokerage business and turned the excess money over to the Tea Company.

Under our decisions, there is no necessity that we go into all the ramifications of the evidence before the Secretary of Agriculture. We are concerned only with the question whether or not the Secretary could lawfully enter the order to desist in this case. Assuming that the petitioner was aware of the relationship between the Tea Company and Noell, should the order have been entered?

The order of the Secretary directed the petitioner to cease and desist "from the unfair, unjustly discriminatory and deceptive practice or device of either directly or indirectly refunding or remitting brokerage fees to any buyer of meat and meat food products while respondent is at the same time paying brokerage fees on sales to other buyers without directly or indirectly returning such fees to them, thereby discriminating against and subjecting them to an unreasonable prejudice and disadvantage."

In the complaint, the petitioner was charged by the Secretary of Agriculture with engaging in and using an unfair, unjustly discriminatory and deceptive practice and device in commerce, making and giving in commerce an undue and unreasonable preference or advantage to a particular person and thereby subjecting other buyers of packing products to an unreasonable prejudice or disadvantage in commerce.

The undisputed evidence in the record shows that the Tea Company received no price advantage. Therefore, it obviously received no preference or advantage as charged in the complaint of the Secretary of Agriculture.

Why the Tea Company chose to enter the brokerage business and why it used this method of "taking money out of one pocket and putting it in another" are of no concern to us in this review. The petitioner (and not the Tea Company or Noell) is charged with the violation of the law.

We are aware of the decision of the Circuit Court of Appeals for the Second Circuit in Trunz Pork Stores, Inc., v. Wallace, Secretary of Agriculture, et al., 70 F.(2d) 688, 690, in which, with certain modifications not material here, the learned court upheld the order of the Secretary of Agriculture. In that case, the government charged a packing house with giving the Great Atlantic & Pacific Tea Company an unlawful preference on the sale of its products through Noell, the broker here involved. In that case, the Tea Company received an advantage over its competitors in that it received "its purchases at lower prices than competitors" and "shared in the commissions on products sold by competitors." The Circuit Court of Appeals for the Second Circuit based its decision on this factual difference between that case and the one at bar, and consequently its decision is not apposite here.

The government frankly admits the lack of evidence to support its case, but asks that the order be affirmed because the petitioner engaged in a deceptive practice and, if the court refuses to affirm the order, that it should remand the case to the Secretary of Agriculture in order that he may take additional evidence.

The complaint alleged that the petitioner gave the Tea Company a price advantage by remitting a fee of one per cent. on its purchases to Noell, knowing that he would turn it back to the Tea Company. The Secretary was aiming at that practice, but the evidence in the record shows that the Tea Company and not the petitioner paid that fee.

Section 204 of the Packers and Stockyards Act of 1921 (7 USCA § 194) provides:

"(e) The court may affirm, modify, or set aside the order of the Secretary.

"(f) If the court determines that the just and proper disposition of the case requires the taking of additional evidence, the court shall order the hearing to be reopened for the taking of such evidence, in such manner and upon such terms and conditions as the court may deem proper."

Under the facts in this case we do not feel justified in ordering a rehearing for the taking of additional evidence. The just and proper disposition of the case requires us to set aside the order of the Secretary. The evidence is perfectly clear that the *petitioner* did not give a price advantage on its sales to the Tea Company. The government has had its day in court, its opportunity to prove its charges that the petitioner engaged in and used an unfair, unjustly discriminatory and deceptive practice, and has failed in its proof. Its dissatisfaction with the facts shown by the record is the only reason for reopening the case and that is insufficient.

The order of the Secretary of Agriculture is set aside.